IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| CT&T EV Sales, Inc., | ) | C/A No. 7:11-1532-TMC |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| 2AM Group, LLC;<br>2AM Group Manufacturing, LLC;<br>and Current Electric Vehicles, | ) | |
| Defendants. | ) | |
| 2AM Group, LLC;<br>2AM Group Manufacturing, LLC, | ) | |
| Counter Claimants | ) | |
| v. | ) | |
| CT&T EV Sales, Inc., | ) | |
| Counter Defendant. | ) | |

This matter is before the court on a motion for attorney's fees and costs filed by Defendants/Counter Claimants, 2AM Group, LLC, and 2AM Group Manufacturing, LLC, (collectively referred to herein as the "2AM Defendants"). (Dkt. # 150).

**BACKGROUND**

On January 27, 2012, the 2AM Defendants filed a Motion to Dismiss Plaintiff CT&T EV Sales' claims for failure to prosecute and sought an order of judgment in favor of the 2AM Defendants on the issue of the parties' legal rights in certain low speed vehicles (LSVs). On March

7, 2012, pursuant to Rule 41(b), Fed. R. Civ. P., the court dismissed with prejudice for failure to prosecute Plaintiff CT&T EV Sales' claims.  In an order filed May 2, 2012, the court, in part, granted the 2AM Defendants' Motion for Default Judgment against the Plaintiff CT&T EV Sales and awarded the 2AM Defendants damages in the amount of $671,483.12.  Although the 2AM Defendants sought an attorney fee award in the amount of $49,991.25, the 2AM Defendants had not submitted a proper fee petition.  Therefore, the court ordered the 2AM Defendants to file a petition for the requested attorney's fees in compliance with the Local Rules.  Thereafter, the 2AM Defendants have filed the instant motion seeking $98,603.33 in attorney's fees and $4,627.73 in costs.

## DISCUSSION

Although no party appeared to challenge the attorney fees sought by 2AM Defendants, the court is charged with determining the reasonable amount of fees to award the petitioning party.  In making this determination, the court must consider the following factors: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorney fees awarded in similar cases.  *Barber v. Kimbrell's, Inc.,* 577 F.2d 216, 226 (4th Cir.1978). While the court must consider all twelve of the factors, the court is not required to rigidly apply these factors, as not all may affect the fee

in a given case.  "[T]hese factors should be considered in determining the reasonable rate and the reasonable hours, which are then multiplied to determine the lodestar figure which will normally reflect a reasonable fee." *E.E.O.C. v. Servo News Co.,* 898 F.2d 958, 965 (4th Cir.1990). In determining whether a rate is reasonable, the court is to consider "prevailing market rates in the relevant community." *Rum Creek Coal Sales, Inc. v. Caperton,* 31 F.3d 169, 175 (4th Cir.1994) (quoting *Blum v. Stenson,* 465 U.S. 886, 895, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984)).

In diversity cases, the right to an award of attorney fees is controlled by state law, *Ranger Cons.Co. v. Prince William Cnty. Sch. Bd.,* 605 F.2d 1298, 1301 (4th Cir.1979), as is the method for determining the amount. *Roger E. Herst Revocable Trust v. Blinds to Go Inc.,* No. 10–3226, 2011 WL 6444980, at *1 (D.Md. Dec.20, 2011); *Sauders v. S.C. Pub. Serv. Auth.,* No. 93–3077, 2011 WL 1236163, at *1 (D.S.C. Mar. 30, 2011). In South Carolina, in the absence of contractual or statutory liability therefor, attorneys fees are not recoverable as an item of damages.  *U.S. Rubber Co. v. White Tire Co.*, 231 S.C. 84, 97 S.E.2d 403 (S.C.1956).  South Carolina courts apply the "lodestar" analysis for determining an award of "reasonable" attorneys' fees required by statute or contract. *Layman v. State,* 376 S.C. 434, 658 S.E.2d 320, 332 (S.C.2008).  Here, the Settlement Agreement and Promissory Note contained provisions for recovery of attorney fees.

Additionally, in determining the reasonable time expended and a reasonable hourly rate for purposes of calculating attorneys' fees, South Carolina courts have historically relied on six common law factors of reasonableness: (1) the nature, extent, and difficulty of the case; (2) the time necessarily devoted to the case; (3) the professional standing of counsel;

(4) the contingency of compensation; (5) the beneficial results obtained; and (6) the customary legal fees for similar services. *Id.* at 333; *see also Jackson v. Speed,* 326 S.C. 289, 486 S.E.2d 750, 760 (S.C.1997).

Accordingly, the court has considered the following in making a determination as to the appropriate amount of fees to award in this case.

1. **Time and Labor Expended; Time Necessarily Devoted to the Case**. 2AM Defendants seek an award of fees for 299 hours of attorney time in the instant litigation, to include 188.5 hours by attorney Walter Harris; 89.7 hours by attorney Federick Jekel; 14 hours by attorney Ted Huge; and 7.15 hours by attorney Doug Fraser. 2AM Defendants seek reimbursement at the rate of Three Hundred Dollars ($300.00) per hour for those attorneys with more than fifteen years of experience and Two Hundred Dollars ($200.00) per hour for other attorney time.

A review of the fee petition submitted to the court reflects the following:

A.   4.45 hours were expended by attorney Jekel prior to the filing of the litigation;

B.   The court is unable to determine, based upon the information submitted with the petition, how several entries on the attorney time sheets are related to the instant litigation. For example, an entry on the Jekel time sheet dated March 30, 2012 reflects "Whitaker changes". Another entry dated April 17, 2012 reflects 0.75 hours for "FRCR 70 -Sue-Kim California counsel", and an entry dated April 25, 2012 reflects .40 hours billed for "Voluntary Assumption of obligation". These entries do not explain what work was performed or how it is related to this action.

    C.    2AM Defendants seek fees for work performed by attorney Walter F. Harris totaling 188.5 hours at the rate of $300.00 per hour.  Mr. Harris serves as in-house corporate counsel for 2AM Manufacturing, LLC and 2AM Group, LLC. The court notes that a significant portion of the time billed by Mr. Harris involved drafting the Settlement Agreement and Promissory Note which took place prior to the default by Plaintiff and the filing of the Complaint in this action. Additionally, Mr. Harris was not added as counsel of record until March 21, 2012 (Dkt. # 94), the day of the default hearing.

2. **Novelty and Difficulty of the Questions Presented by the Lawsuit; Nature, Extent and Difficulty of the Case**. The primary issues involved in this case related to disputes arising from a promissory note and settlement agreement entered into between the parties.  The court notes that  the 2AM Defendants have expended significant time and resources in defending the lawsuit brought by the Plaintiff, and pursuing the default action after Plaintiff abandoned its action.

3. **Skill Required to Properly Perform the Legal Service**.  The court finds that the 2AM Defendants were justified in retaining experienced legal counsel to defend the lawsuit and pursue its claims.

4. **Preclusion of Other Employment Opportunities**.  In representing the 2AM Defendants, counsel for 2AM expended time and effort which could have been dedicated to other clients and endeavors other than defending the lawsuit brought by the Plaintiff and pursuing the default judgment.  The court is also aware that the in-house counsel for 2AM could have devoted his time and efforts to other matters on behalf of the companies but for

this litigation.

5**. Customary Fee and Nature of the Fee**. The hourly rates sought by Defendants 2AM appear to be reasonable based upon the information provided to the court. Further, no one has disputed the hourly rates charged by counsel for 2AM.

6. **Attorney's Expectations at the Outset of the Litigation; The Contingency of Compensation**. The promissory note provides for the recovery of attorney fees in the event of a default. Counsel for Defendants 2AM have represented that it was their expectation that attorney fees would be separately awarded by the court.

7. **The Time Limitation Imposed by the Client or Circumstances**. According to the fee petition filed in this case, the 2AM Defendants imposed significant time limitations by reason of the expenses associated with the storage and maintenance of the LSV inventory under the control of said Defendants.

8. **The Amount in Controversy and Beneficial Results Obtained**. After the pleadings were joined, the Plaintiff abandoned its action, resulting in the entry of default and judgment by default referenced above. In their counterclaims, 2AM Defendants sought judgment on several causes of action, to include Civil Conspiracy, Violation of the South Carolina Unfair Trade Practices Act , violation of the South Carolina Frivolous Proceedings Sanctions Act, Breach of Promissory Note and Breach of Settlement Agreement. After two hearings, the court granted judgment in favor of 2AM Defendants on two of these causes of action, to wit: Breach of the Promissory Note and Breach of the Settlement Agreement.

9**. The Experience, Reputation and Ability of Counsel; Professional Standing of**

**Counsel**.  Again, no party has disputed the experience, reputation and ability of counsel for Defendants 2AM.  The court notes the qualifications of such counsel as more fully set forth in the fee petition and attachments, which are a part of the record (Dkt. # 150).

10. **The Undesirability of the Case Within the Legal Community**.  The court finds that this is not a significant factor with respect to an award of fees in this case.

11. **Nature and Extent of the Attorney's Professional Relationship with the Client**.  As set forth in the fee petition, 2AM Defendants have utilized the services of attorney Jekel since 2009, and those of attorney Harris, who now serves as in-house corporate counsel, since 2008.

12. **Fee Awards in Similar Cases**. According to the affidavit submitted by Mr. Jekel, investigation of firms performing similar work as that involved in this case in the Charleston, South Carolina area revealed hourly rates consistent with those charged herein.  The court finds, particularly in the absence of any response or objection, that the hourly fees charged by counsel for Defendants 2AM are not unreasonable for the work provided in this case.

## CONCLUSION

Based upon the factors set forth above as applied to the facts of this case, the court finds that the 2AM Defendants are entitled to attorney fees of $56,105.00 based upon 85.25 hours for attorney Jekel at the rate of $300.00 per hour; 83 hours for attorney Harris at the rate of $300.00 per hour; 14.00 hours for attorneys Harris and Huge at the rate of $300.00 per hour; and 7.15 hours for attorney Fraser at the rate of $200.00 per hour; and costs in the amount of $4,627.73.  Accordingly, the court grants the petition for attorney fees and costs (Dkt. # 150) of 2AM Defendants.  The court finds that said Defendants are entitled to an award of attorney fees in the

amount of $56,105.00, plus costs of $4,627.73, for a total award of attorney fees and costs in the amount of $60,732.73.

       **IT IS SO ORDERED.**

                                        s/Timothy M. Cain
                                        United States District Judge

July 13, 2012
Anderson, South Carolina